**C.B.S., INC., Plaintiff,**

v.

**INTERNATIONAL PHOTOGRAPHERS OF the MOTION PICTURE INDUSTRY, LOCAL 644, I.A.T.S.E., Defendant.**

**No. 77 Civ. 3916.**

United States District Court,
S. D. New York.

Jan. 22, 1979.

Graubard, Moscovitz, McGoldrick, Dannett & Horowitz by Emanuel Dannett, Jay C. Cooke, New York City, for plaintiff.

Charles R. Katz, P. C. by Charles R. Katz, Richard M. Greenspan, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, C. B. S., Inc., has moved for a temporary injunction enjoining defendant, Local 644, from proceeding with the arbitration demanded by defendant and for a declaratory judgment that plaintiff is not required to submit the question raised by Local 644 with respect to the termination of three CBS employees to arbitration on the grounds that 1) there is no agreement to arbitrate any dispute with defendant under the agreement to which plaintiff and defendant are parties, and 2) the terminations which are the subject of the proposed arbitration were layoffs, and layoffs are not arbitrable under the agreement. Local 644 has cross-moved for an order pursuant to 9 U.S.C. § 4 compelling CBS to proceed to arbitration. CBS's motion for stay of arbitration is denied and Local 644's motion to compel arbitration is granted for the reasons which follow.

Local 644's submission stated the issue to be arbitrated to be the "arbitrary and capricious discharges" of three union members, Alston, Bessor and Hoertel. (Plaintiff's moving affidavit (affidavit of N. Berman) Exhibit G). CBS does not deny that the agreement between it and Local 644 includes an arbitration clause making referable to arbitration any dispute involving discharges of employees.

The agreement, dated August 9, 1976, provides in paragraph 21 as follows:

> Discharge or Resignation : A regular employee shall give or receive two (2) weeks' notice in the event of resignation or discharge, except that such notice may not terminate his employment before the end of any assignment.

> With respect to a regular cameraperson with at least six (6) months' service with the Company, a notice of discharge or a notice of suspension shall be in writing with a copy sent to the Union. At the Union's request, a representative of the Labor Relations Department will meet promptly with a Union representative and the employee's supervisor to discuss the matter. If the matter cannot be settled by the parties, the Union may submit the matter for arbitration by an arbitrator to be selected in accordance with the Voluntary Labor Arbitration Rules of the AAA. In such arbitration, the arbitrator will be empowered to determine whether the action of the Company was arbitrary or capricious. If the arbitrator finds that the Company did not act in an arbitrary or capricious manner, he shall not substitute his judgment for the judgment of the Company as to the justification for the discharge or suspension. The costs of such arbitration will be borne equally by the Company and the Union.

> The Union agrees that with respect to any discharge or suspension hereunder, the Union and the employees covered by the Agreement will not strike, picket or otherwise interfere with the operations of the Company.

The notice given the three terminated employees reads as follows:

> It is my duty to formally notify you of something I believe you know was in the wind; because of the CBS News conversion to electronic camera coverage, your staff employment with CBS News will end on July 23, 1977.

> We recognize your years of service and contribution to CBS News and will do whatever we can to help you relocate in the newsfilm business.

> Your double severance pay plus any vacation time still due you will be processed promptly for payment. Frank FitzPatrick is available to you for any clarifications or help necessary in the details of this procedure.

A copy of this notice was sent to Darwin Deen, Business Representative of Local 644 as required by paragraph 21, *supra.*

Deen then wrote to CBS as follows:

We are protesting the arbitrary and capricious discharges of camera-persons Herbert G. Alston, John Bessor and Bruce Hoertel, who are covered by our collective bargaining agreement dated August 9, 1976, covering Washington, D. C.

We demand full and complete reinstatement to their positions, and we are ready to meet promptly with you to discuss this matter, if such discussion would be fruitful for settlement of the dispute.

If you do not advise us, within ten days from the date of this letter, that such a meeting would enable us to settle this dispute, we will assume that your position is final and that you consider that there is no point for such further discussion. We will of course, have the right to invoke the additional procedures available to us under the agreement.

CBS's reply to Local 644 was as follows:

The three camerapersons to whom you refer are being laid off by the Company as a result of conversion to electronic camera coverage. That such layoffs might occur was well known to both sides and was the subject of long negotiation in 1976. The settlement in this area is contained in the side letter on employment opportunities and written notice of layoffs, and the contractual provision for enriched severance pay.

The individuals were not discharged within the meaning of the wholly separate provision on arbitration of discharges (which provides a remedy where the Company action is found to be arbitrary or capricious) and that provision is not applicable. I mention this because the language of your letter suggests that you're thinking along these lines and I must tell you that you're way off base.

Thereafter, Local 644 submitted the dispute to the American Arbitration Association. (Berman affidavit, Exhibit G).

■ CBS's contention that the arbitration clause contained in the agreement is one between it and the International only and not between it and Local 644 is without merit. Local 644 is a signatory to the agreement. CBS has pointed to nothing in the contract which applies only to Local 644 or anything in the contract from which one can conclude that the arbitration clause does not apply to Local 644. CBS simply points to the general language in the introductory paragraph of the agreement which says that it is an agreement between plaintiff "and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL–CIO (hereinafter referred to as "Union") and, *to the extent hereinbelow specified,* the International Photographers of The Motion Picture Industries, Local 644, IATSE (herein called "Local 644")." (Berman affidavit, Exhibit A). The italicized words, which are *not* italicized in the agreement, are the only words relied on by CBS for its assertion that there is no agreement between it and Local 644 to arbitrate discharges. The agreement then provides: "In consideration of the covenants and conditions herein contained, the parties hereto do hereby mutually agree as follows: " (Berman affidavit, Exhibit A). As noted above, Local 644 is a party to the agreement. CBS sent a copy of the termination notice which it had sent to each employee to the business agent of Local 644, not to the "Union" as required by the agreement, paragraph 21. It is not disputed that Local 644 has submitted other grievances to arbitration as the "Union" under the agreement. This court holds that the Local, as well as the Union, was a party to the arbitration clause which is binding on CBS as well as the two union bodies. Similar contracts have been so construed. *Blake Construction Co. v. Laborer's Int'l Union of North America,* 167 U.S.App.D.C. 86, 511 F.2d 324 (D.C.Cir.1975); *United Electrical R & M Workers v. Oliver Corp.,* 205 F.2d 376 (8th Cir. 1953).

■ CBS claims that the terminated employees were laid off in accordance with a separate agreement regarding layoffs and

were not discharged, and since the arbitration clause relates only to discharges the matter is not referable to arbitration. Local 644 claims that the employees were arbitrarily and capriciously discharged, that their termination notices made no reference to layoffs or right of recall which is a right of laid off employees, that the terminated employees have not been recalled but instead other persons have been called in to work on a free lance basis, and that the terminated employees were entitled to be retrained for other positions in the company which right they have been denied.

If the terminated employees have been, in fact, laid off and not arbitrarily and capriciously discharged, this is a question which by the plain provisions of paragraph 21 must be determined by the arbitrator.

CBS's attempts to put in issue the making of the agreement cannot succeed and there is nothing ambiguous about paragraph 21. Paragraph 21 plainly applies to discharges and is not limited to disciplinary discharges. If layoffs are excluded from the arbitration clause even when claimed to be arbitrary, the contract does not so provide. The Second Circuit has ruled that exclusionary clauses must be "clear and unambiguous", *Communications Workers of America v. N. Y. Telephone Co.*, 327 F.2d 94 (2d Cir. 1964), even where the arbitration clause relied on is narrower than the language found in the standard arbitration clauses. *I. U. E. v. General Electric Co.*, 407 F.2d 253 (2d Cir. 1968), *cert. denied*, 395 U.S. 904, 89 S.Ct. 1742, 23 L.Ed.2d 217 (1969).